DECISION AND JUDGMENT ENTRY
This appeal is from the November 22, 2000 judgment of the Ottawa County Municipal Court which sentenced appellant, George Campbell, following his conviction of violating R.C. 4511.19(A)(1), driving a motor vehicle under the influence of alcohol. Upon consideration of the assignments of error, we affirm the decision of the lower court.
Appellant asserts the following assignments of error on appeal:
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS INASMUCH AS THE OFFICER DID NOT HAVE REASONABLE SUSPICION TO JUSTIFY APPELLANT'S STOP AND DETENTION.
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS INASMUCH AS THE OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST APPELLANT FOR OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL."
On appeal, appellant argues in both assignments of error that the trial court erred by denying his motion to suppress. He first argues that the arresting officer lacked a reasonable and articulable suspicion of criminal activity to seize him for investigative purposes. Secondly, he argues that the officer lacked probable cause to arrest him.
Neither party challenges the factual findings of the trial court. Therefore, our review is limited to a determination of whether, as a matter of law, the facts in this case establish the provision of theFourth Amendment to the United States Constitution against unreasonable search and seizure was violated in this case and whether there was probable cause to arrest appellant. Ornelas v. United States (1996),517 U.S. 690 and State v. Anderson (1995), 100 Ohio App.3d 688, 691.
The following evidence was presented at the motion to suppress hearing. The arresting officer testified that he was patrolling within the village of Oak Harbor on February 26, 2000 in a marked patrol car. Around four o'clock in the morning, he observed two men, appellant and Bryan Roy, standing in a parking space on the street and arguing. A woman was standing between them and waiving her arms. The three were standing in front of the Oaks Café. The officer could not hear the conversation, but, (because of his observations) assumed that they were arguing.
The officer pulled his car into a parking spot behind appellant. The officer suspected that there had been a physical altercation. Appellant immediately looked at the officer and then quickly walked to his car. The officer asked appellant to stop, but appellant proceeded to get into his car and began to drive away. The officer moved to the center of the street. Appellant then stopped and backed into the parking space. The officer had stepped back into the parking spaces on the opposite side of the street out of the line of traffic. He then instructed appellant to exit the vehicle and stand on the sidewalk.
Appellant stood on the sidewalk while the officer spoke to Roy and the bartender. They both stated that the three of them had been arguing because the bartender was leaving with Roy and not appellant. Both stated that there had not been any physical altercation. The officer then told these two persons that they were free to go.
The officer crossed the street to question appellant as to whether there had been a physical altercation. At that time, the officer smelled the odor of alcohol coming from appellant and observed that he appeared to be intoxicated. The officer testified that he observed that appellant's eyes were very red, blood shot, and that he seemed sluggish. However, the officer never included these observations in his report. Appellant admitted that he had been drinking, but refused to cooperate with the field sobriety tests. Another officer arrived on the scene and performed the horizontal gaze nystagmus test. After appellant failed the test, appellant was arrested for operating a vehicle while under the influence.
The officer then transported appellant to the police station. While he waited for the other officer to arrive and administer the breath test, appellant fell asleep. The final test was completed around 5:30 a.m. The test results indicated that appellant was driving with a blood alcohol level over the legal limit.
The officer that administered the tests testified that appellant had failed the horizontal gaze nystagmus test based on all six indications. The officer also testified regarding the breathalyser test he performed at the station. He observed appellant for twenty-four minutes and then attempted to perform the test. This test was not completed because of an invalid sample. A second test was administered with a result of .153.
Appellant argues in his first assignment of error that the arresting officer did not have a reasonable and articulable suspicion of criminal activity to justify the warrantless stop. He argues specifically that the officer could not stop appellant from leaving the scene in this case solely on the basis that he thought there may have been a physical altercation. Appellant contends that the facts in this case — that it was early morning and the parties were standing in a certain manner with the bartender waving her arms — were insufficient to justify an investigatory stop.
A warrantless stop is reasonable under the Fourth Amendment to the United States Constitution if there was probable cause to make the stop or there was some articulable, reasonable suspicion of criminal activity to justify an investigatory stop. Whren v. United States (1996),517 U.S. 806 citing Delaware v. Prouse (1979), 440 U.S. 648, and Terryv. Ohio (1968), 392 U.S. 1. See, also, State v. Erickson (1996),76 Ohio St.3d 3. Furthermore, an officer may briefly detain an individual without a reasonable, articulable suspicion if necessary to promote a legitimate public concern including the removal of drunk drivers. Ohiov. Robinette (1997), 80 Ohio St.3d 234, paragraph one of the syllabus, and State v. McDonald (Apr. 24, 2001), Fairfield App. No. 2000-CA-51, unreported.
The scope and duration of the investigative stop must last no longer than is necessary to effectuate the purpose for which the initial stop was made. Florida v. Royer (1983), 460 U.S. 491, 500, and United Statesv. Brignoni-Ponce (1975), 422 U.S. 873, 881. However, if the officer observes additional circumstances that give rise to a reasonable suspicion of some other illegal activity, the officer may detain the driver for as long as that new articulable and reasonable suspicion continues.
Ohio v. Robinette (1997), 80 Ohio St.3d 234, paragraph one of the syllabus.
We find that the officer in this case had a duty to stop appellant and determine whether any of the parties needed assistance or whether they were causing a disturbance. Since it was early morning and the parties were behaving strangely outside of an establishment that serves liquor, it was reasonable for the officer to suspect that one of the parties was causing a problem. Also, appellant's action, of immediately leaving the scene upon the officer's arrival, further indicated that something was wrong. Therefore, we find that the officer could reasonably have concluded that someone needed assistance. Furthermore, we also find that the officer had a reasonable and articulable suspicion that a crime had either occurred or was about to occur.
However, appellant contends that once the officer questioned the other parties and learned that there was no physical altercation, he should have released appellant without further questioning. We agree, except that the officer need not have done so from across the street. The officer crossed the street and approached appellant to inform him that the officer had erroneously believed that a physical altercation had occurred and that appellant was free to leave. This action did not extend the seizure longer than was necessary to effectuate the purpose of the stop. However, during that brief encounter, new facts were presented justifying extension of the stop to investigate whether appellant had been driving while intoxicated.
Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant argues that the arresting officer lacked probable cause to arrest him. Appellant argues that the officer had insufficient evidence of appellant's intoxication. While the officer testified that he observed appellant's bloodshot eyes, sluggishness, and odor of alcohol, the officer never included these facts in any of his three reports.
Probable cause to arrest arises when at the moment of arrest "the facts and circumstances within the officer's knowledge and of which [he] had reasonable trustworthy information" were sufficient to cause a reasonable person to believe that a crime had been or was being committed. Beck v.Ohio (1964), 379 U.S. 89, 91.
The officer testified that he had failed to include some of the basis for the arrest in his reports, but that he independently recalled these facts at the time of trial. This issue goes to the credibility of the officer, which is beyond the scope of appellate review. Furthermore, there was additional evidence presented in this case which supported a finding of probable cause to arrest: appellant smelled of alcohol, appellant failed a field sobriety test, appellant admitted that he had been drinking, appellant attempted to leave the scene, and appellant refused to cooperate with further tests. Based on the totality of the evidence presented, we find that the officer did have probable cause to arrest appellant for driving while intoxicated.
Appellant's second assignment of error is not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Ottawa County Municipal Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
State v. Campbell
OT-00-052
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.